J. S31044/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JAMES LEE TRUITT, | : | No. 1773 MDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered March 28, 2018,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0002601-2016

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED DECEMBER 08, 2020**

James Lee Truitt appeals[1] from the March 28, 2018 judgment of sentence imposed after he pled guilty to one count of aggravated assault.[2] Contemporaneously with this appeal, counsel has requested leave to withdraw in accordance with ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and their progeny.  After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows:  On May 18, 2016, appellant struck the

---

[1] The Commonwealth has indicated that it will not being filing a brief in this matter.

[2] 18 Pa.C.S.A. § 2702(a)(1).

female victim, shoved her on a bed, and choked her until she began to lose consciousness. (Notes of testimony, 6/14/17 at 9.) Appellant suffers from post-traumatic stress disorder ("PTSD"). (*Id.*) On June 14, 2017, appellant entered an open guilty plea to one count of aggravated assault in connection with this incident and was admitted into the Mental Health Treatment Court that same day. (*Id.* at 2, 4-8, 20.) Appellant was ultimately discharged from the treatment court for violating the terms of the program. (Notes of testimony, 1/3/18 at 3.) On March 28, 2018, the trial court sentenced appellant to a term of three to six years' imprisonment, with credit for time served.

On April 5, 2018, appellant filed a timely post-sentence motion to modify his sentence, which the trial court denied on July 24, 2018. Appellant did not seek direct appellate review of his judgment of sentence. On March 21, 2019, appellant filed a timely *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA").[3] The PCRA court appointed counsel, and counsel filed an amended PCRA petition on June 24, 2019. On September 24, 2019, the PCRA court granted appellant's PCRA petition and reinstated his rights to file a direct appeal *nunc pro tunc*.

Appellant filed a timely notice of appeal on October 24, 2019. On November 19, 2019, the trial court subsequently ordered appellant to file a concise statement of errors complained of on appeal, in accordance with

---

[3] 42 Pa.C.S.A. §§ 9541-9546.

Pa.R.A.P. 1925(b). On December 9, 2019, appellant's then-counsel, Randall L. Miller, Esq., filed a statement pursuant to Rule 1925(c)(4), wherein he indicated that he intended to request permission to withdraw, as he determined that there were no non-frivolous issues to raise on appellant's behalf.

Thereafter, appellant's present counsel, Daniel C. Bardo, Esq. (hereinafter, "Attorney Bardo"), was appointed to represent appellant. On March 19, 2020, Attorney Bardo appeared to file an ***Anders*** brief. (***See*** appellant's brief, 3/19/20 at 13 (concluding that "any appellate issues are frivolous").) However, Attorney Bardo failed to file a contemporaneous petition to withdraw as counsel and failed to file the required notice letter addressed to appellant explaining appellant's rights under ***Anders***. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa.Super. 2007) (***en banc***); ***Commonwealth v. Woods***, 939 A.2d 896, 900 (Pa.Super. 2007), citing ***Commonwealth v. Millisock***, 873 A.2d 748, 752 (Pa.Super. 2005).

On August 25, 2020, we remanded this case for Attorney Bardo to either comply with the dictates of ***Anders*** and its progeny, or to file an advocate's brief on the merits. As noted above, Attorney Bardo filed an application to withdraw his appearance, accompanied by an ***Anders*** brief on September 24, 2020. Our subsequent review of Attorney Bardo's application for leave to withdraw his appearance, supporting documentation, and ***Anders*** brief

reveals that the letter sent to appellant failed to advise him that he could raise any additional points worthy of this court's attention. **See Woods**, 939 A.2d at 898. Accordingly, on October 19, 2020, we denied Attorney Bardo's application to withdraw, remanded this matter, and directed Attorney Bardo to send appellant a letter, accompanied by the **Anders** brief and his application for leave to withdraw, that complies with the directives of **Woods** and **Millisock**.

On October 23, 2020, Attorney Bardo complied with this court's directive and filed a "Renewed Application for Leave to Withdraw," accompanied by new correspondence that he sent to appellant, properly advising him, **inter alia**, that he may raise any additional points worthy of this court's attention. Appellant did not respond to Attorney Bardo's renewed application to withdraw.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa.Super. 2010) (citation omitted). In order to withdraw pursuant to **Anders**, "counsel must file a brief that meets the requirements established by our Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009)." **Commonwealth v. Harden**, 103 A.3d 107, 110 (Pa.Super. 2014) (parallel citation omitted). Specifically, counsel's **Anders** brief must comply with the following requisites:

- 4 -

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (citation omitted).

Pursuant to ***Millisock*** and its progeny, "[c]ounsel also must provide a copy of the ***Anders*** brief to his client." ***Commonwealth v. Orellana***, 86 A.3d 877, 880 (Pa.Super. 2014) (internal quotation marks and citation omitted). The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed ***pro se*** on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Id.*** "Once counsel has satisfied the above requirements, it is then this [c]ourt's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Goodwin***, 928 A.2d at 291 (citation and internal quotation marks omitted).

Instantly, we conclude that Attorney Bardo has satisfied the technical requirements of ***Anders*** and ***Santiago***. Attorney Bardo has identified the

pertinent factual and procedural history and made citation to the record. Attorney Bardo has also raised discretionary sentencing claims that could arguably support an appeal, but ultimately concludes that these claims are wholly frivolous. Attorney Bardo has also sent a letter to appellant, which now fully satisfies the notice requirements of **Millisock**. Accordingly, we proceed to conduct an independent review of the record to determine whether this appeal is wholly frivolous.

The crux of appellant's argument on appeal is that his standard range sentence was manifestly excessive and the sentencing court failed to properly consider his diagnosis for PTSD in fashioning this sentence. (**Anders** brief at 8-13.)

This court has explained the following in considering an appeal challenging the discretionary aspects of a sentence where the appellant has entered an open guilty plea:

> Generally, upon the entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the "legality" of the sentence imposed. However, where a defendant pleads guilty without any agreement as to sentence, (*i.e.* an open plea), the defendant retains the right to petition this Court for allowance of appeal with respect to the discretionary aspects of sentencing.

**Commonwealth v. Heaster**, 171 A.3d 268, 271 (Pa.Super. 2017) (internal citations omitted), **appeal denied**, 181 A.3d 1078 (Pa. 2018).

Here, appellant entered an open guilty plea to one count of aggravated assault on June 14, 2017. (Notes of testimony, 6/14/17 at 5.) Accordingly, we find that appellant has not waived his claim challenging the discretionary aspects of sentencing.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted), *appeal denied*, 117 A.3d 297 (Pa. 2015).

Where an appellant challenges the discretionary aspects of his sentence, as is the case here, the right to appellate review is not absolute. *See Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011). Rather, an appellant challenging the discretionary aspects of his sentence must invoke this court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, the record reveals that appellant filed a timely notice of appeal and preserved his claim in his post-sentence motion to modify his sentence. Appellant has failed to include a statement in his brief that comports with the requirements of Pa.R.A.P. 2119(f), but the Commonwealth has not objected to this omission. "[W]hen the appellant has not included a Rule 2119(f) statement and the [Commonwealth] has not objected, this [c]ourt may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate." ***Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa.Super. 2004) (citation omitted). Accordingly, we must determine whether appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted), ***appeal denied***, 76 A.3d 538 (Pa. 2013). "A substantial question exists only when appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa.Super. 2012) (citation omitted), ***appeal denied***, 63 A.3d 774 (Pa. 2013).

This court has recognized that a "claim that the sentence is manifestly excessive, inflicting too severe a punishment, . . . present[s] a substantial question." ***Commonwealth v. Hicks***, 151 A.3d 216, 227 (Pa.Super. 2016) (citations omitted), ***appeal denied***, 168 A.3d 1287 (Pa. 2017). This court has also held that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa.Super. 2014 (citation omitted), ***appeal denied***, 105 A.3d 736 (Pa. 2014). Accordingly, we may review the merits of appellant's claim.

Contrary to appellant's contention, our review of the record in this matter reveals that the sentencing court considered and weighed numerous factors in fashioning appellant's standard range sentence, including the fact that he suffered from PTSD. At the March 28, 2018 sentencing hearing, the sentencing court stated as follows:

> I am not saying that [appellant] doesn't have issues he's struggling with; however, [appellant] has been, despite attempts at counseling and treatment, unable to separate his own personal victimization from the accountability for his actions and, therefore, fails to take any accountability for those actions, excuses them by the fact that he has issues that have caused him trauma in the past. . . .
>
> . . . .
>
> . . . . But the bottom line is, [appellant], while you need help, you are an extremely violent, dangerous individual, and it is up to you to choose whether you will comply with help, regardless of the setting. You chose not to comply with it within the setting of Mental

> Health Court. Your violations are such that they were willful, they were knowing, they were childish, and they continued to show disregard, disrespect, and resentment of authority and structure. . . . Having the benefit of observing your demeanor in the program, the lack of accountability you've taken for any of the violations that have occurred or, I should say in fairness, in some case, limited accountability for the violations that have occurred, I believe that the state programs available to you will be able to provide you with any level of psychiatric treatment that you require, whether it be for post-traumatic stress or anything else.
>
> You say you need help, you need therapy, you need treatment, you need PTSD classes. You didn't seem to run up at the VA and get into a PTSD class while you were here.

Notes of testimony, 3/28/18 at 14-15.

Additionally, we note that the sentencing court was in possession of a presentence investigation ("PSI") report in this matter and indicated that it reviewed it. (***See id.*** at 3.) Where the trial court has the benefit of a PSI report, "we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Antidormi***, 84 A.3d 736, 761 (Pa.Super. 2014) (citation omitted), ***appeal denied***, 95 A.3d 275 (Pa. 2014). Accordingly, we find that appellant's challenge to the discretionary aspects of his sentence must fail.

Based on the forgoing, we agree with Attorney Bardo that this appeal is wholly frivolous. After our own independent review of the record, we further discern no additional issues of arguable merit. Accordingly, we grant

Attorney Bardo's petition to withdraw and affirm the March 28, 2018 judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2020